IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-46-BO-1
No. 4:13-CV-247-BO

| | | |
|---|---|---|
| MOYA VANTION MOORE, | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's three motions: two motions for reduction of sentence [DE 164 and 170] and motion pursuant to Rule 60(b) [DE 169]. The government has moved to dismiss the motions [DE 173] on the grounds that they are second or successive motions to vacate under 28 U.S.C. § 2255, and so this Court lacks jurisdiction to hear them. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motions are dismissed.

Petitioner was sentenced to a term of 235 months' imprisonment on October 27, 2011, after pleading guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841. On May 26, 2016, petitioner's sentence was reduced to 188 months pursuant to 18 U.S.C. §3582(c), U.S.S.CG. §1B1.10(c) and U.S.S.G. Amendment 782. [DE 162]. He later filed the three motions at issue here.

All three motions constitute substantive challenges to petitioner's sentence. Petitioner challenges the facts in his presentence report, the calculation of his guideline range, and the reliability of informant statements in arguing that his sentence is too harsh and should be lowered. [DE 164 at 1; DE 169 at 10-12; DE 170 at 1]. The relief requested by petitioner is the

same that would result from a successful motion to vacate, set aside, or correct sentence. Therefore, this Court must consider the motions as § 2255 petitions. *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003). The Antiterrorism and Effective Death Penalty Act of 1996 provides that before a second or successive habeas corpus petition may be filed in district court, the petitioner must move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(3)(A); *see also* 28 U.S.C. § 2255(h).

Petitioner has filed a previous 28 U.S.C. § 2255 petition which was dismissed on the merits. [DE 143]. As these motions attack the same sentence that was challenged then, they are properly construed as second or successive § 2255 petitions. Because the motions are second or successive, petitioner is not required to receive notice of the Court's recharacterization of the motions. *See United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished). This Court is without jurisdiction to review this matter until authorized to do so by the Fourth Circuit Court of Appeals. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). As petitioner has not received such authorization, his § 2255 motion must be dismissed.

Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose*

v. *Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of the instant motions debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 173] is GRANTED. Petitioner's motions to vacate pursuant to 28 U.S.C. § 2255 [DE 164, 169, 170] are DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __3__ day of ~~April~~ May, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE