IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-46-BO-1
No. 4:18-CV-160-BO

| | |
|---|---|
| MOYA VANTION MOORE,<br>    Petitioner, | )<br>)<br>)     O R D E R |
| v. | )<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>) |

This cause comes before the Court on petitioner's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 193]. Respondent has moved to dismiss the Section 2255 petition. [DE 198]. These matter is ripe for disposition. For the reasons discussed below, respondent's motion to dismiss [DE 198] is GRANTED and petitioner's Section 2255 motion [DE 193] is DISMISSED.

## BACKGROUND

In February 2011, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846. [DE 56]. In October 2011, the Court sentenced petitioner to a 235-month term of imprisonment, five years of supervised release, and a $100 special assessment. [DE 87, 88]. Petitioner appealed and in August 2012 the Fourth Circuit dismissed his appeal. [DE 122].

In November 2013, petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 134]. In February 2014, the Court dismissed petitioner's first Section 2255 motion. [DE 143]. In August 2014, the Fourth Circuit dismissed petitioner's appeal of the

dismissal. [DE 150].

In September 2018, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. Petitioner argues that his due process rights were violated because the Court adopted an inaccurate base offense level and criminal history level in calculating his advisory guideline sentence. [DE 193, p. 4]. In response, the government moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the motion is an unauthorized second or successive Section 2255 motion. [DE 198].

DISCUSSION

The government argues that petitioner's Section 2255 petition must be dismissed because it is an unauthorized successive petition. [DE 243, p. 2]. Federal habeas petitioners are generally permitted only one Section 2255 motion. 28 U.S.C. § 2255(h). As such, under Federal Rule of Civil Procedure 12(b)(1), federal courts lack subject-matter jurisdiction to hear successive petitions. *United States v. Winestock*, 340 F.3d 200, 204–05 (4th Cir. 2003); *see also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999). There are, however, some exceptions. If the first petition was not decided on the merits, for example, the second petition is not improperly successive. *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000). Or if the second petition is based on the intervening vacatur of a conviction used to enhance the petitioner's sentence, it is not improperly successive. *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014).

Petitioner has not shown that any of the exceptions to 28 U.S.C. § 2255(h) are applicable to his petition. Petitioner's only claim is that his advisory guideline range was improperly calculated because the Court relied on an inaccurate base offense level. This does not fit within any exception. In fact, the Fourth Circuit has previously held that petitioners may not challenge their advisory guideline sentences on collateral review. *See United States v. Foote*, 784 F.3d 931

(4th Cir. 2015). Thus, petitioner's Section 2255 motion is an unauthorized second or successive petition and, as such, the Court does not have jurisdiction to consider it. The motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 198] is GRANTED and petitioner's Section 2255 motion [DE 193] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 2 day of December, 2018.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3